UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS R. GARREN,

      Plaintiff,                    Civil Action No. 11-14650

      v.                            District Judge Gerald E. Rosen
                                     Magistrate Judge Laurie J. Michelson

PRISONER HEALTH
SERVICES, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
DOREHE SMITH'S MOTION TO DISMISS (DKT. 16)**

Presently before the Court for Report and Recommendation is Defendant Dorehe Smith's Motion to Dismiss. (Dkt. 16.) The Court has considered the motion and Plaintiff's response and RECOMMENDS, for the reasons set forth below, that Defendant Smith's Motion to Dismiss be GRANTED.

**Report**

Plaintiff Douglas R. Garren brought this prisoner civil rights case alleging that Defendants Prisoner Health Services ("PHS") and RGC doctor Crystal Jones, M.D., and nurse Dorehe Smith, R.N. ("Smith"), violated his Eighth Amendment rights by denying adequate medical care to treat his chronic back/spine/neck pain. (Dkt. 1, Compl. at 5.) The only specific reference to Smith in this Complaint is that she denied an administrative grievance that Plaintiff filed. (Dkt. 1, Compl. at 3.)

Plaintiff filed this suit on October 21, 2011 and was then incarcerated at the Charles Egeler Reception and Guidance Center ("RGC"). Subsequently, Plaintiff was transferred to the G. Robert

Cotton facility ("JCF") and from JCF to the Jackson Cooper Street Correctional Facility ("JCS"). (Dkts. 5, 12, Change of Address Notices.) He then filed an Amended Complaint on December 15, 2011 – without objection, but also without leave – seeking to add personnel from those two facilities, claiming that they too deprived him of necessary medical treatment for his pain. (Dkt. 14, Am. Compl.) In the Amended Complaint, Plaintiff's summary allegations lump all of the Defendants together. More specifically, Plaintiff alleges that Defendants failed and refused to give him proper or adequate medical care. *Id*. There are no specific references to Nurse Smith. (*Id*.)

On December 22, 2011, Defendant Smith filed the present Motion to Dismiss. (Dkt. 16.) It is unclear whether the Motion seeks to dismiss the initial Complaint or the Amended Complaint. Nurse Smith, citing the initial complaint, contends that the only allegation against her is that she denied a grievance filed by the Plaintiff. (Dkt. 16 at 3.) She further argues that she is entitled to an order of dismissal because a "prisoner's allegation that a Defendant improperly processed a grievance is not a proper constitutional claim because there is 'no inherent constitutional right to an effective prison grievance procedure.'" *Id*. at ECF 5 (citing *Skinner v. Govorchin*, 463 F.3d 518 (6th Cir. 2006); *Walker v. Michigan Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005); *Overholt v. Unibase Data Entry, Inc.,* No. 98-3302, 2000 U.S. App. LEXIS 14087, at *9 (6th Cir. June 14, 2000); *Lyle v. Stahl,* No. 97-2007, 1998 U.S. App. LEXIS 18241, at *3 (6th Cir. Aug. 3, 1998)).

On January 18, 2011, Plaintiff filed his Response to Smith's Motion. (Dkt. 25.) Plaintiff agrees to the dismissal of Smith. Thus, based upon the parties' consent, the Court recommends that Smith's Motion be granted and the claims against Defendant Dorehe Smith be dismissed with prejudice.

Plaintiff's Response goes further, however. The response contains a separate Motion requesting that "any and all MDOC employees be dismissed within this case." (*Id*. at 1.) Pursuant to ECF Rule 5, however, affirmative motions are not to be made in response briefs. ECF Pol. & Pro. R. 5(e) ("a response or reply to a motion must not be combined with a counter-motion.") And even if the Court were to excuse compliance with this Rule because Plaintiff is a prisoner proceeding *pro se*, the Court is unable to discern which of the named defendants (in the Amended Complaint) are the MDOC employees that Plaintiff is seeking to dismiss. Thus, to the extent Plaintiff has a separate motion that he wants the Court to consider, the Court directs Plaintiff refile it pursuant to E.D. Mich. LR 7.1 and (1) specifically identify all of the defendants he seeks to dismiss and (2) indicate whether it impacts his pending motion to add as a defendant Jacqwetta Reeves, allegedly a Jackson Cooper Street Correctional Facility nurse practitioner (Dkt. 20).

### **Recommendation**

Based on the foregoing, this Court **RECOMMENDS** that the Defendant Dorehe Smith's Motion to Dismiss (Dkt. 16) be **GRANTED**.

### **Filing Objections to this Report**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

3

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: January 24, 2012                s/Laurie J. Michelson
                                      Laurie J. Michelson
                                      United States Magistrate Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on January 24, 2012.

                                      s/J. Johnson
                                      Case Manager to
                                      Magistrate Judge Laurie J. Michelson