**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOUGLAS R. GARREN,

       Plaintiff,                        Civil Action No. 11-14650

       v.                                District Judge Gerald E. Rosen
                                        Magistrate Judge Laurie J. Michelson

PRISONER HEALTH
SERVICES, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT (DKTS. 48, 52, 61, 64) AND DENY PLAINTIFF'S
VARIOUS MOTIONS FOR INJUNCTIVE, COMPENSATORY AND
PUNITIVE RELIEF (DKTS. 65, 72, 73, 76) AND
DENY PLAINTIFF'S MOTION TO COMPEL
AND MOTION FOR MORE TIME (DKTS. 77, 78)**

Plaintiff Douglas R. Garren brought this prisoner civil rights case alleging that Defendants Prisoner Health Services ("PHS") and several doctors and nurses violated his rights under the Eighth Amendment and Title II of the American with Disabilities Act ("ADA") by depriving him of necessary medical treatment for his pain. (Dkt. 1, Compl; Dkt. 14, Am. Compl.) All of the remaining individual defendants – Dr. Jeffrey Stieve, nurse Kimberly Rupe, Dr. Haresh Pandya, Dr. Mian Qayyum, Dr. Joel Milliner and Dr. Karen Rhodes – filed Motions for Summary Judgment claiming that Plaintiff failed to exhaust his administrative remedies.[1] (Dkts. 48, 52, 61, 64.) In response, Plaintiff has filed a "Motion for Consideration and Recommendation," a "Motion to Stay

---

[1] In his Amended Complaint, Plaintiff did not name Dr. Crystal Jones. (Dkt. 14, Am. Compl.) As such, the Court terminated her from the case. (Dkt. 40, Order.)

1

of [sic] Proceedings to Enforce A Judgment and Motion for Order of Physical Examination from a [sic] Outside Medical Provider," another "Motion for Order of Physical Examination from a [sic] Out Side [sic] Medical Provider," and a "Motion for Preliminary Injunction and Motion for Compensatory and Punitive Damages." (Dkts. 65, 72, 73, 76.) In addition, on July 30, 2012, Plaintiff filed a Motion to Compel and a Motion for "Enlargement of Time." (Dkts. 77, 78.) All pretrial proceedings have been referred to this Court. (Dkt. 11, Tr. Order.) The Court has considered the ten motions and corresponding responses. For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motions for Summary Judgment be **GRANTED** and that Plaintiff's various motions for injunctive, compensatory and punitive relief be **DENIED**.

I.    **BACKGROUND**

On October 21, 2011, while incarcerated at the Charles Egeler Reception and Guidance Center ("RGC"), Plaintiff Douglas R. Garren brought this civil rights case alleging that Defendants Prisoner Health Services ("PHS"), RGC doctor Crystal Jones, M.D., and nurse Dorehe Smith, violated his rights under the Eighth Amendment and the ADA by denying medication and other adequate medical care to treat his chronic pain. (Dkt. 1, Compl.) Plaintiff was subsequently transferred to the G. Robert Cotton facility ("JCF") in early November 2011 and then to the Jackson Cooper Street Correctional Facility ("JCS") in early December 2011.[2] (Dkts. 5, 12, Change of Address Notices.) Plaintiff filed an Amended Complaint on December 15, 2011 to include individuals from JCF and JCS. (Dkt. 14.) In the Amended Complaint, Plaintiff did not name Dr. Crystal Jones. (Dkt. 14.) Moreover, on February 27, 2012, the District Court adopted this Court's

---

[2] Plaintiff is currently housed at the Macomb Correctional Facility. (Dkt. 76, Motion for Prelim. Inj.)

report and recommendation to dismiss Defendant Dorehe. (Tr. 38, Order.) As such, the remaining Defendants include: Prisoner Health Services, Dr. Karen Rhodes, Dr. Haresh Pandya, Dr. Jeffrey Stieve, Dr. Mian Qayyum, Dr. Milner and nurse Kimberly Rupe. (Dkt. 14, Dkt. 40.)

On March 30, 2012, April 6, 2012 and April 27, 2012, Defendants Stieve, Rupe and Pandya filed Motions for Summary Judgment. (Dkts. 48, 52, 61.) On May 15, 2012, Defendants Prisoner Health Services, Qayyum, Milliner and Rhodes filed a Motion for Summary Judgment. (Dkt. 64.) The Motions all contend that Plaintiff failed to exhaust his administrative grievances. (Dkts. 48, 52, 61, 48, 52.) Plaintiff then filed a series of motions, in one of which he admits: "Plaintiff failed to exhaust ALL grievance procedures in the Michigan Department of Correction's Policy." (Dkt. 72, Pl.'s Motion to Stay of Proceedings to Enforce a Judgment.) Moreover, in previous filings with this Court, Plaintiff admits that he did not exhaust all his grievances through Step III, and asks for more time to do so, or, in the alternative, demands a trial because such exhaustion is a "waste" of time. (Dkt. 59, Pl.'s Mot. for More Time; Dkt. 66, Resp. to Defs.' Mot. Summ. J.; Dkt. 68, Pl's Ans. and Demand for Trial.)

## II.     ANALYSIS

The failure to exhaust is an affirmative defense to a civil suit brought by a prisoner. *Jones v. Bock*, 549 U.S. 199, 216 (2007). More specifically, the Prisoner Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones*, 549 U.S. at 918-19 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The exhaustion requirement is justified on two grounds. First, it gives prisoners "an effective incentive to make full use of the prison grievance process and

3

accordingly provides prisons with a fair opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 94 (2002). Additionally, the requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 549 U.S. at 204.

The exhaustion prerequisite applies to all inmate suits about prison life – regardless of the nature of the wrong or the type of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (rejecting claim that prisoner had no duty to exhaust where monetary damages could not be awarded through the administrative process; reasoning that "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."). Moreover, the prisoner must "properly" exhaust his claims, which requires "'complet[ing] the administrative review process in accordance with the applicable procedural rules'– rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88) ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'").

MDOC Policy Directive 03.02.130 (effective July 9, 2007) ("Policy Directive") sets forth the procedures that govern the grievances filed by Plaintiff, including the requirement that dates, times, places and names of all those involved in the issue being grieved be included. (Dkt. 48, Stieve Mot. for Summ. J., Ex. A.) Moreover, Plaintiff is required to follow the grievance process detailed in MDOC Policy Directive 03.02.130 to its conclusion – a resolution of his Step III appeal – prior to filing a civil suit:

> It is well-settled that completing the grievance process after filing suit does not satisfy the PLRA's exhaustion requirement. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The plain language of the [PLRA] makes exhaustion a precondition to filing an action in

>federal court . . . .  The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); *see also Rhinehart v. Scutt*, No. 10–10006, 2011 WL 679699, at *4 (E.D. Mich. Jan. 14, 2011) *report adopted by* 2011 WL 674736 (E.D. Mich. Feb.16, 2011) (finding a pair of grievances unexhausted despite that the first was appealed through Step III and the second terminated favorably at Step II because "plaintiff's Step II and Step III appeals on the first grievance, and the filing of the second grievance, all occurred after he filed his complaint in this action."); *Ross v. Duby*, No. 09–531, 2010 WL 3732234, at * 1 (W .D. Mich. Sept. 17, 2010) ("Now that the MDOC has responded to Plaintiff's Step III grievance, Plaintiff's administrative remedies have been exhausted.  Regardless, the Court must dismiss Plaintiff's claim, as Plaintiff cannot perfect the exhaustion requirement during the pendency of his case.").

*Dean v. Prison Health Services*, No. 10-14135, 2011 WL 1630114 (Mar. 28, 2011) *report adopted by*, 2011 WL 1627336 (E.D. Mich. Apr. 28, 2011).

Defendants have both the burden of proof and the burden of persuasion on the failure to exhaust affirmative defense.  *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012.)  As such, Defendants must do more than merely "present facts that if true would support the affirmative defense."  *Id*. at 456.  Defendants must affirmatively prove that Plaintiff failed to exhaust his administrative remedies.  *Id*.

*A. Plaintiff Failed to Exhaust his Administrative Remedies Against Defendant Jeffrey Stieve*

Defendant Stieve offers as proof of Plaintiff's failure to exhaust, an affidavit by Richard D. Russell, Manager for the Office of Legal Affairs for MDOC.  (Dkt. 48, Stieve Mot. Summ. J., at Ex. A.)  According to Mr. Russell, Plaintiff filed "three grievances through to Step III since September 2, 2011, when the Plaintiff returned to the MDOC, until December 15, 2011, when he filed his amended complaint." (*Id*. at 6.)  None of these grievances name Defendant Stieve. (*Id*.)  Defendant Stieve ends his analysis there. (*Id*.)  While this may be sufficient on Defendant's burden of proof,

5

it is not sufficient on Defendant's burden of persuasion. *Surles*, 678 F.3d at 455-56.

However, the Court's own review of the pleadings and exhibits in this matter reveals that Plaintiff filed grievance JCF-2011-11-024510-12F against Defendant Stieve on November 7, 2011. (Dkt. 14, Pl.'s Am. Compl.) This extra piece of evidence carries the burden of persuasion for Defendant Stieve. *Surles*, 678 F.3d at 455-56. There can be no dispute that Plaintiff could not have exhausted his administrative grievance against Defendant Stieve prior to filing suit on October 6, 2011 if he did not even initiate the grievance against Defendant Stieve until November 7, 2011. (Dkt. 1, Transfer.) Moreover, given that Plaintiff admits that he did not exhaust his administrative remedies in his Motion to Stay, this Court recommends that Defendant Stieve's Motion for Summary Judgment be granted. (Dkt. 72, Motion to Stay; *see also* Dkts. 59, 66, 68.)

*B. Plaintiff Failed to Exhaust his Administrative Remedies Against Defendant Rupe*

Defendant Rupe advances "nearly identical" arguments as those advanced by Defendant Stieve. (Dkt. 52, Rupe Mot. Summ. J. at 1.) However, Defendant Rupe adds a footnote indicating that "[r]eview of the full grievance reports attached to the Russell affidavit reveals that Rupe is not named or even mentioned in any of the grievance filings." (*Id*. at 2.) The Court notes that a review of all 16 grievances mentioned or referred to in Plaintiff's Amended Complaint, the pleadings on the docket, and the relevant motions and/or affidavits, also reveals that Rupe is not named or even mentioned in any of the grievance filings.[3] (Dkt. 14, 48, 52, 61, 64, 65, 68, 69, 70, 72, 73, 74, 75, 77, 78, 79.)

---

[3] Appendix A attached hereto lists all 16 grievances, with their numbers if available to this Court, a brief description of the grievance and who, if anyone, is mentioned in the grievance, the date the Court used, via its own review of the pleadings, motions and exhibits to determine the exhaustion issue, along with the docket number wherein that date was discovered, and a statement as to whether or not the claim is exhausted.

Notably, to exhaust a claim against a defendant, a plaintiff must specifically name that defendant at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Vadiver v. Martin*, 48 F. App'x 517, 2002 WL 31166925, at *2 (6th Cir. 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). The only instance where this rule is "relaxed" is " when the purpose of the grievance [is] achieved." *Hall v. Raja*, 2010 U.S. Dist. LEXIS 77651 at *8-9 (E.D. Mich. 2010). An example of this is when a prisoner objects to medical treatment without naming the specific doctor that treated him but "prison officials respond[ ] to the Plaintiff's grievance on the merits, without noting this procedural deficiency, and the grievance was otherwise sufficient to identify the involvement of [the doctor]." *See id*. at *3. This is not the factual scenario presented in this case as MDOC had no indication from Plaintiff's grievances that Defendant Rupe was involved in Plaintiff's case so as to address Rupe's actions on the merits. Moreover, given that Plaintiff admits that he did not exhaust his administrative remedies, this Court recommends that Defendant Rupe's Motion be granted. (Dkt. 72, Motion to Stay; *see also* Dkts. 59, 66, 68.)

*C. Plaintiff Failed to Exhaust his Administrative Remedies Against Defendant Pandya*

Defendant Pandya states that his arguments are "nearly identical" to those advanced by Defendant Stieve and Defendant Rupe. (Dkt. 52, Rupe Mot. Summ. J. at 1.) Again, via this Court's own independent review of all 16 grievances mentioned or referred to in Plaintiff's Amended Complaint, the pleadings on the docket, and the relevant motions and/or affidavits, it is apparent that Defendant Pandya is not named or mentioned even once. (Dkt. 14, 48, 52, 61, 64, 65, 68, 69, 70, 72, 73, 74, 75.)

7

Thus, as with Defendant Rupe, MDOC had no indication from Plaintiff's grievances that Defendant Pandya was involved in Plaintiff's case so as to address Pandya's actions on the merits. Moreover, given that Plaintiff admits that he did not exhaust his administrative remedies, this Court recommends that Defendant Pandya's Motion be granted. (Dkt. 72, Motion to Stay; *see also* Dkts. 59, 66, 68.)

*D.  Plaintiff Failed to Exhaust his Administrative Remedies Against Defendants PHS, Dr. Qayyum or Dr. Milliner*

Defendants PHS, Qayyum and Milliner argue first that "none of Plaintiff's claims were exhausted before he initiated this lawsuit on October 6, 2011." (Dkt. 64, PHS, Qayyum, Milliner, Rhodes Mot. Summ. J. at 8.) Moreover, they argue that "even if Plaintiff could exhaust while his action is pending, none of the grievances exhausted by Plaintiff named PHS, Dr. Qayyum or Dr. Milliner. (*Id.*)

Defendants are correct. Of the grievances relevant to this lawsuit, Plaintiff did not exhaust any prior to October 6, 2011. (Dkts. 14, 48, 52, 61, 64, 65, 68, 69, 70, 72, 73, 74, 75.) As of the Court's review of these ten motions, the last of which was filed on July 30, 2012, it appears that Plaintiff exhausted three relevant grievances. (Dkts. 14, 48, 52, 61, 64, 65, 68, 69, 70, 72, 73, 74, 75.) Plaintiff exhausted JCF 2011-10-2217-12D1 on February 2, 2012, 2011-11-2354-12F on February 13, 2012, and RGC 2011-09-1313-12F on December 20, 2011. (Dkt. 48, Stieve Mot. Summ. J. at Ex. A, Dkt. 64, PHS, Qayyum, Milliner, Rhodes Mot. Summ. J. at Ex. A.) Thus, Plaintiff failed to exhaust his grievances prior to October 6, 2011. Moreover, as with Defendant Rupe and Pandya, MDOC had no indication that Plaintiff grieved Defendant Qayyum or Milliner's

8

actions so as to address their actions on the merits.[4] And, again, given that Plaintiff admits that he did not exhaust his administrative remedies, this Court recommends that Defendant PHS, Qayyum and Milliner's Motion be granted. (Dkt. 72, Motion to Stay; *see also* Dkts. 59, 66, 68.)

    *E. Plaintiff Failed to Exhaust his Administrative Remedies Against Defendant Rhodes*

Defendant Rhodes acknowledges that he is named in grievance No. JCF-11-11-2354-12F that Plaintiff filed on November 7, 2011. (Dkt. 64, PHS, Qayyum, Milliner, Rhodes Mot. Summ. J. at 3.) However, MDOC did not deny the Step III grievance appeal on this grievance until December 12, 2011. (*Id.*) Thus, Plaintiff clearly did not exhaust his grievance prior to filing his suit on October 6, 2011. (*Id.*) This Court notes that there is also an unnumbered grievance from JCF attached to Plaintiff's Amended Complaint that indicates a filing date of November 14, 2011 and mentions Defendant Rhodes. (Dkt. 14, Am. Compl.) This document could constitute Plaintiff's first draft of JCF-11-11-2354-12F or a different grievance. Regardless, Plaintiff did not exhaust it prior to October 6, 2011 since he did not file or draft it until November 4, 2011. Likewise, there is an unnumbered grievance from JCF attached to Plaintiff's Amended Complaint that indicates a filing date of November 5, 2011 and mentions Defendant Rhodes. (Dkt. 14, Am. Compl.) Like the other document, this document does not fulfill Plaintiff's exhaustion obligation. Moreover, given that Plaintiff admits that he did not exhaust his administrative remedies, this Court recommends that Defendants' Motion be granted as to Defendant Rhodes. (Dkt. 72, Motion to Stay; *see also* Dkts. 59, 66, 68.)

---

[4] MDOC may have had some indication that Plaintiff grieved Defendant PHS given Plaintiff's treatment was largely given by PHS staff, and Plaintiff repeated his concerns regarding budgetary decisions impacting medications. However, it remains that Plaintiff did not timely exhaust through Step III prior to October 6, 2011.

> *F.   The District Court Should Deny Plaintiff's "Motion for Consideration and Recommendation," "Motion to Stay of [sic] Proceedings to Enforce a Judgment/Motion for Order of Physician Examination from a [sic] Outside Provider," Second "Motion for Order of Physical Examination by a [sic] Out Side [sic] Medical Provider," "Motion for Preliminary Injunction and Motion for Compensatory and Punitive Damages," "Motion to Compel" and "Motion for Enlargement of Time"*

Given this Court's analysis of Defendants' exhaustion affirmative defense, Plaintiff's various motions, which consist of restatements of his Amended Complaint or his earlier Motion for Temporary Restraining Order, and requests to compel and for more time, should be denied. These motions are futile given Plaintiff's failure to exhaust. (*See* Dkt. 27, 1/24/2012 Order.)

### III.   CONCLUSION

For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motions for Summary Judgment be **GRANTED**, the Plaintiff's various motions for injunctive, compensatory and punitive relief be **DENIED**, and the case be dismissed in its entirety.

### IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Dated: August 6, 2012					s/Laurie J. Michelson
							Laurie J. Michelson
							United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 6, 2012.

							s/Jane Johnson
							Deputy Clerk

**APPENDIX A**

| No. | Grievance No. | Brief Description | Relevant Date | Exhausted/ Not Exhausted |
|---|---|---|---|---|
| 1 | JCF-2011-10-2217-12D1 | MRI/ Pain medication | Step III Appeal Denied: 12-6-11 (Dkt. 64.) | No. |
| 2 | JCF 2F | Ultram | Step II Response: 12-1-11 (Dkt. 14.) | No. |
| 3 | JCF-2011-11-2516-12I | Wheelchair | Step I Response: 12-2-11 (Dkt. 14.) | No. |
| 4. | JCF-2011-11-2354-12F | Ultram/ Dr. Rhodes | Step III Appeal Denied: 2-13-12 (Dkt. 48.0 | No. |
| 5. | JCF-2011-11-024510-12F | Ultram/ Dr. Stieve | Step I Appeal Denied: 11-23-11 (Dkt. 14.) | No. |
| 6. | JCF-2011-11-2353-12D1 | MRI | Step I Response: 11-9-11 (Dkt. 14.) | No. |
| 7. | JCF | Medication complaints/ Dr. Rhodes | Date on Grievance Form: 11-4-11 (Dkt. 14.) | No. |
| 8. | JCF | MRI/ Dr. Rhodes | Date on Grievance Form: 11-5-11 (Dkt. 14.) | No. |

| | | | | |
|---|---|---|---|---|
| 9. | JCF | Medication complaints | Date of Grievance Form: 10-18-11 (Dkt. 14.) | No. |
| 10. | JCF-2011-10-2211-12F | Medications complaints | Step II Appeal filed: 10-29-11 (Dkt. 14.) | No. |
| 11. | RGC-2011-10-1411-12D/E | Ultram/ Dr. Jones and Cohen | Step I Response given: 10-17-11 (Dkt. 14.) | No. |
| 12. | RGC-2011-09-1313-12F | Ultram/ Lodine/ Dr. Jones | Step III Appeal Denied: 12-20-11 (Dkt. 64.) | No. |
| 13 | UNNUMBERED | Tens Unit | No information (Dkt. 14.) | No. |
| 14 | RGC | Medication complaints/ Dr. Jones and RN Smith | Date of Grievance Form: 10-9-11 (Dkt. 14.) | No. |
| 15. | JCF-10-02-519-28J | Unauthorized deductions from account | Step III Appeal Denied: 5-3-10 (Dkt. 64.) | Yes, but irrelevant to this suit. |
| 16. | JCS-11-12-12-2107-O3H | Complaints regarding shoes and clothing | Step III Appeal Denied: 3-28-12 (Dkt. 64.) | Yes, but irrelevant to this suit. |

13